UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PROTEGRITY CORP.,                :
                                 :
    Plaintiff,                   :
                                 :
V.                               :   CASE NO. 3:08-CV-618 (RNC)
                                 :
INGRIAN NETWORKS, INC., and      :
SAFENET, INC.,                   :
                                 :
    Defendants.                  :

RULING AND ORDER

Defendants' motion to stay all further proceedings in this case pending the outcome of the reexamination of the '201 patent by the Patent and Trademark Office (Doc. 90) is hereby granted.

A district court has discretion to stay patent infringement litigation pending reexamination of the patent. See Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 848-49 (Fed. Cir. 2008). In deciding whether to grant a stay, courts consider the stage of the litigation and balance the potential for conserving judicial and litigant resources against the risk of undue prejudice to the nonmoving party. See Arrivalstar S.S. v. Canadian Nat'l Ry., NO. 08 c 1086, 2008 WL 2940807, at *2 (N.D. Ill. Jul. 25, 2008); KLA-Tencor Corp. v. Nanometrics, Inc., No. C 05-03116 JSW, 2006 WL 708661, at *2 (N.D. Cal. Mar. 16, 2006).

A stay is favored when a case is in its early stages. See, e.g., Perricone v. Unimed Nutritional Services, Inc.,

3:01-cv-1512 (CFD), 2002 WL 31075868, at *3 (D. Conn. July 18, 2002). This case was filed three years ago, claim construction proceedings have been completed, and documents have been produced in discovery. But no other discovery has been done. Despite the age of the case, therefore, it has not progressed beyond an early stage. Because so much remains to be done, the stage of the case weighs in favor of a stay.

Since the defendants filed their motion, the PTO has issued a non-final office action rejecting all the claims in the '201 patent as anticipated or obvious. Defendants argue that, in view of the PTO's action, staying the litigation will conserve judicial and litigant resources. I agree that if the case is not stayed, there is a significant risk the Court and the parties will expend substantial resources determining the validity of claims in the '201 patent that may be cancelled or amended by the PTO. This factor weighs heavily in favor of a stay pending the outcome of the reexamination proceeding. See Pacific Bioscience Laboratories v. Nutra Luxe MD, LLC, No. C10-0230JLR, 2011 WL 65947, at *3 (W.D. Wash. Jan 10, 2011).[1]

Plaintiff contends that it will be unduly prejudiced by a stay because it is in direct competition with the defendants. But economic damages appear to be sufficient to address

---

[1] It is undisputed that the '201 patent is the dominant patent at issue in this case.

plaintiff's needs.  See Perricone, 2002 WL 31075868, at *3. Plaintiff also contends that it will be unduly prejudiced by a stay because reexamination proceedings have been known to take years.  This argument is unavailing because the reexamination of the '201 patent is being conducted with dispatch and, in any event, courts do not regard the delay inherent in reexamination proceedings as unduly prejudicial.  See Pacific Bioscience Laboratories, 2011 WL 65947, at *4.

Accordingly, the motion for a stay pending the outcome of the PTO's reexamination of the '201 patent is hereby granted. Though the action has been stayed, the parties will file a joint report every 90 days informing the Court of the status of the reexamination proceeding.

So ordered this 20th day of April 2011.

/s/ RNC
Robert N. Chatigny
United States District Judge
